UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:22-cv-80160-KAM

MATTHEW KLEIN and THE HEALTH
SPECTRUM, LLC

    Plaintiffs,

v.

DIAN OVED and OVED MEDIA
INTERNATIONAL INC. d/b/a EMPOWER
DIGITAL

    Defendants.
_____/

**DEFENDANTS, DIAN OVED AND OVED MEDIA INTERNATIONAL INC. d/b/a EMPOWER DIGITAL'S VERIFIED[1] RESPONSE IN OPPOSITION TO PLAINTIFFS, MATTHEW KLEIN AND THE HEALTH SPECTRUM, LLC'S MOTION FOR A PRELIMINARY INJUNCTION**

Defendants, DIAN OVED ("Oved") and OVED MEDIA INTERNATIONAL INC. d/b/a EMPOWER DIGITAL ("Empower") (collectively, "Defendants"), respectfully submit this Verified Response in Opposition to the Plaintiffs', Matthew Klein's and The Health Spectrum, LLC's, Motion for a Preliminary Injunction ("Motion") (Doc. 65). For the reasons set forth below, the Motion should be denied.

**I.    INTRODUCTION**

The Plaintiffs, Matthew Klein ("Klein") and The Health Spectrum, LLC (collectively, the "Plaintiffs") have alleged violations of the Stored Communications Act ("SCA"), 18 U.S.C. §2701

---

[1] Dian Oved's Verification is attached hereto as "Exhibit A"

1

et seq., the Computer Fraud and Abuse Act, 18 U.S.C. §1030 ("CFAA"), the Defend Trade Secrets Act and RICO against the Defendants. The claims arise from Klein's abandonment of an iPad that both Klein and Oved had utilized for both personal and business use at Oved's home after the two ended a romantic relationship, initially arising out of undue influence wellness and healing services being offered by Klein to Oved. Although the romantic relationship had ended in June 2019, Oved continued to assist Klein with business and tax matters until December 2019. Both parties had their passwords automatically stored in the iPad and both parties knew the passcode to unlock it. During this time, Klein never complained about the missing iPad nor did he ask for its immediate return until he conveniently asked for it in the course of the parties' litigation.

In August 2019, Klein returned to Oved's home in Los Angeles, California to remove his personal items from the home. Klein did not ask for or remove the iPad. In fact, Oved continued to possess and use the iPad for both her and Klein's business purposes with Klein's knowledge and consent after Klein returned to Miami. During this time, Klein never changed or modified any passwords or electronic viewing rights. Thereafter, in May 2020, a friend of Klein's came to Oved's home to collect additional items Oved had requested Klein remove from the storage room in her building. At no point did Klein request the return of the iPad. At no point did Klein withdraw consent for Oved to use the iPad or access any accounts. At no point when Oved had possession of the iPad did she intentionally access Klein's online accounts and obtain information from any protected computer.

Oved is not - and has not been - in contact with Klein since December 2019. The two live in different states and Klein's phone and all contact information is blocked on all Oved's devices. Oved does not have possession of the iPad. The iPad, which is turned off, is currently in a locked safe in the offices of Oved's counsel, Goldberg Segalla.  The parties are currently drafting the

protocol for the inspection of the iPad by the court ordered neutral expert. There is no possible way for Oved to access the iPad. Further, Oved has no intention, no interest, nor desire to access – or try to access – any of Klein's accounts, or any materials connected to Klein, or to have any contact with Klein in any manner.

The Defendant, Oved Media International Inc. d/b/a Empower ("Empower"), is a closely held corporation owned and operated solely by Dian Oved ("Oved"). Empower has not now, and has never had, any partners or employees and does not act independently of Oved. Empower is not free to act independently of Oved nor to advance its own interests. Oved is the sole officer, shareholder, owner, and director of Empower. Oved and Empower are not separate and distinct and can operate in sync with one another.

## II.     LEGAL STANDARD FOR A PRELIMINARY INJUNCTION

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Robinson v. Att'y Gen.*, 957 F.3d 1171, 1178–79 (11th Cir. 2020) (*quoting Northeastern Fla. Ch. of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990)).

A district court's authority to issue a preliminary injunction is governed by Federal Rule of Civil Procedure 65. The decision to grant or deny a preliminary injunction is "within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). The district court may grant preliminary injunctive relief where the movant has demonstrated each of the following four prerequisites:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) that the threatened injury to the movant outweighs the potential harm to the opposing party; and

(4) that the injunction will not disserve the public interest. *Id.*

As the Eleventh Circuit has explained, a preliminary injunction is an "extraordinary and drastic remedy" not to be granted unless the movant clearly satisfies the burden of persuasion as to each of the four prerequisites. *Siegel v. LePore*, 234 F.3d 1163 (11th Cir. 2000) (*citing McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)); *see also Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011) ("We begin our analysis with the unremarkable observation that a preliminary injunction in advance of trial is an extraordinary remedy."); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir.1975) (grant of preliminary injunction "is the exception rather than the rule," and plaintiff must clearly carry the burden of persuasion). Additionally, a movant must establish a continued and future threat of harm as "[t]he sole function of an action for an injunction is to forestall "future violations [...] it cannot serve as a sanction for past conduct that may be addressed by adequate remedies at law." *Viable Res., Inc. v. Belya*, 2016 WL 7334285, at *2 (M.D. Fla. Dec. 1, 2016), *report and recommendation adopted*, 2016 WL 7326877 (M.D. Fla. Dec. 16, 2016) and *report and recommendation adopted*, 2016 WL 7335485 (M.D. Fla. Dec. 16, 2016).

### III.  ARGUMENT AND CITATION TO AUTHORITY

#### A.  SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

The first element - substantial likelihood of success on the merits - is met "if good reasons for anticipating that result are demonstrated. It is not enough that a merely colorable claim is advanced." *S. Wine & Spirits of Am., Inc. v. Simpkins*, No. 10- 21136-CIV, 2011 WL 124631, at *2 (S.D. Fla. Jan. 14, 2011) (Cooke, J.) (*quoting City of Jacksonville v. Naegele Outdoor Adver.*

*Co.*, 634 So. 2d 750, 753 (Fla. 1st DCA 1994)). The moving "party's failure to demonstrate a substantial likelihood of success on the merits may defeat the party's claim, regardless of its ability to establish any of the other elements." *Haitian Refugee Ctr, Inc. v. Christopher*, 43 F.3d 1431, 1432 (11th Cir. 1995); *see also Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 180 (5th Cir. 1975) ("No matter how severe and irreparable an injury one seeking a preliminary injunction may suffer in its absence, the injunction should never issue if there is no chance that the movant will eventually prevail on the merits. Nor is there need to weigh the relative hardships which a preliminary injunction or the lack of one might cause the parties unless the movant can show some likelihood of ultimate success.").

      ***1.    The Plaintiff Cannot Show A Substantial Likelihood Of Success On The Merits On The Violation Of The Computer Fraud And Abuse Act (CFAA) Cause Of Action***

The CFAA penalizes a party who, among other things, (1) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage, 18 U.S.C. § 1030(a)(5)(C); or (2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information from any protected computer, 18 U.S.C. § 1030(a)(2)(C). A "protected computer" is a computer "used in interstate or foreign commerce or communication." *See Estes Forwarding Worldwide LLC v. Cuellar,* 239 F. Supp. 3d 918, 926 (E.D. Va. 2017). "The phrase 'exceeds authorized access' means 'to access a computer with authorization and to use such access **to obtain or alter information in the computer that the accessor is not entitled to obtain or alter**.'" *Id.* at 923 (citing 18 U.S.C. § 1030(e)(6)). The prohibition in the CFAA applies "to all information from all computers that connect to the Internet." *Van Buren v. U.S.,* 141 S. Ct. 1648, 1652 (2021). There are several fatal issues with the likelihood of success on Plaintiffs' CFAA claim.

The evidence in this case will show what Oved has verified herein, that Oved did not "intentionally access Klein's online accounts and obtain information from any protected computer." Access alone is insufficient. The CFAA contains a *mens rea* requirement of intentionality that the Plaintiffs have simply ignored in its Motion. 18 U.S.C. § 1030(a)(2). This requirement applies to both criminal charges and civil claims under the CFAA. *See* Philip N. Yannella, Cyber Litigation: Data Breach, Data Privacy & Digital Rights § 11:24 (2021); *Leocal*, 543 U.S. at 11 n.8. When Congress enacted the CFAA, it decided to raise the *mens rea* requirement from "knowingly" to "intentionally" for two reasons. *See* CFAA, Pub. L. No. 99-474, § 2(a)(1), 100 Stat. 1213 (1986); S. Rep. No. 99-432, at 5 (1986). First, Congress intended to prohibit intentional acts of unauthorized access, rather than mistaken, inadvertent, or careless acts. S. Rep. No. 99-432, at 5. Second, Congress wanted to focus criminal prosecutions on "those whose conduct evinces a clear intent to enter, without proper authorization, computer files or data belonging to another." *Id*. at 6. "Intentional means more than that one voluntarily engaged in conduct or caused a result. Such conduct or the causing of the result must have been the person's conscious objective." *Id*.

Notably, the Plaintiffs refer in their Motion to the preliminary injunction entered by the circuit court in Palm Beach County court currently on appeal and the sanctions order of the Miami-Dade County circuit court which will be on appeal shortly. Neither addresses the same issue pending before this court and neither is binding on this court. Allegations that such decisions have a collateral estoppel effect on this court are unfounded.

Moreover, to show a reasonable likelihood of success on the merits, Plaintiffs rely upon an Evernote log and a Gmail login history purportedly showing IP addresses. Such inadmissible hearsay cannot support the grant of a preliminary injunction.

### 2. *The Plaintiff Cannot Show A Substantial Likelihood Of Success On The Merits On The Violation of the Stored Communications Act (SCA) Cause Of Action*

"Like the Computer Fraud and Abuse Act, the SCA is primarily a criminal statute with a civil component aimed at creating a private right of action against computer hackers and electronic trespassers." *Priority Payment Sys., LLC v. Intrend Software Sols*., No. 1:15-CV-04140-AT, 2016 WL 8809877, at *5 (N.D. Ga. Nov. 28, 2016). A person violates the SCA if (1) he or she "intentionally accesses without authorization a facility through which an electronic communication service is provided" or "intentionally exceeds an authorization to access that facility" and (2) "thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system." 18 U.S.C. § 2701(a). This did not happen here and the TAC does not even plausibly allege that Oved obtained, altered, or prevented access to "a wire or electronic communication while it is in electronic storage." 18 U.S.C. § 2701(a). This is because she did not "obtain[], alter[], or prevent[] access to "a wire or electronic communication while it is in electronic storage." *Id.* As stated by Oved herein, she did not "intentionally access Klein's online accounts and obtain information from any protected computer." Resp., p. 2.[2]

### 3.   *Plaintiffs Do Not Have a Substantial Likelihood of Success on the Merits on the Defend Trade Secrets Act Claim or the RICO Claim*

Oved need not address herein the spurious allegations that she purportedly extorted Klein through her previous attorney's protected communications or that unknown third parties not controlled by Oved called Klein causing him unfortunate distress that occurred a long time ago.

---

[2] Citations to the Response in Opposition to the Motion for Preliminary Injunction are in the form: "Resp, p. __"

These underlying claims are immaterial as the Defend Trade Secrets Act Claim or the RICO Claim fail on their face based on the verified facts set forth herein.

That is, the alleged Enterprise, Oved Media International Inc. d/b/a Empower Digital, was not free to act independently of Oved and to advance its own interests. Empower, as the alleged RICO enterprise, is not distinct from the RICO defendant, Oved. As stated by Oved, Empower, the alleged RICO "Enterprise" in the TAC, is a closely held corporation owned and operated solely by Oved. The Enterprise has not now, and has never, had any partner or employees and does not act independently of Oved.

The case *Fernau v. Enchante Beauty Prods.*, 2019 U.S. Dist. Lexis 160034 (S. D. Fla. Sept. 17. 2019) is illustrative. Therein the Southern District of Florida noted that "to plead liability under the Act, a plaintiff must allege the existence of two distinct entities: (1) a "person"; and (2) an enterprise (that engaged in the pattern of criminal activity), that is not the same "person" referred to by a different name. Id. at *15 *citing Cedric Kushner Productions, Ltd. v. King*, 533 U.S. 158, 161, 121 S. Ct. 2087, 150 L. Ed. 2d 198 (2001). The Supreme Court has explained that "liability 'depends on showing that the defendants conducted or participated in the conduct of the enterprise's affairs, not just their own affairs.'" *Id. quoting Reves v. Ernst & Young*, 507 U.S. 170, 185, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993). *See also Palmas Y Bambu, S.A. v. E.I. Dupont De Nemours & Co., Inc*., 881 So.2d 565, 574 (Fla. 3d DCA 2004) ("The words 'employed by or associated with,' as used in this provision anticipates an enterprise separate and distinct from the person charged with a civil RICO violation. . . ."). Oved and Empower (the alleged "Enterprise") are not separate and distinct, but rather a closely held corporation owned and operated by Oved. Given this unity of interest and control, the RICO

cause of action and the Florida Civil Remedies for Criminal Practices Act cause of action will fail.

      **B.    THE PLAINTIFFS CANNOT SHOW A SUBSTANTIAL THREAT OF IRREPARABLE INJURY**

Plaintiffs' delay in bringing this Motion negates any alleged threat of irreparable harm. Irreparable harm is the "'*sine qua non* of injunctive relief.'" *Siegel v. LePore*, 234 F.3d at 1176 (*quoting Northeastern Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990)). Thus, "[w]aiting even only a few months in moving for a preliminary injunction necessarily undermines a finding of irreparable harm. *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) (*citing Siegel*, 234 F.3d at1176- 77). Courts in this Circuit routinely decline to grant preliminary injunctions on the bases of unexplained and unjustified delays of more than a few months. *Antoine v. School Board of Collier, Florida*, 2017 WL 9674515 at *12 (M.D. Fla. December 6, 2017) (a one-year delay negated a preliminary injunction); *Wreal*, 840 F.3d at 1247 (denying a preliminary motion because movant waited five months after filing the complaint); *Menudo International, LLC v. In Miami Production, LLC*, 2017 WL 4919222, at *1 (S.D. Fla. Oct. 31, 2017) (denying motion for preliminary injunction after a two year after learning of purported trademark infringement); *Badillo v. Playboy Entertainment Group, Inc.*, 2004 WL 1013372, *2 (M.D. Fla 2004) (denying motion for preliminary injunction after nine-month delay in filing suit and seeing preliminary injunction). To be sure, "[d]elay, or too much of it, indicates that a suit or request for injunctive relief is more about gaining an advantage (either commercial or litigation advantage) than protecting a party from irreparable harm." *See Id*.

Plaintiffs intentionally delayed seeking a preliminary injunction for approximately 10 months after having filed the Complaint on February 22, 2022, despite being aware of the purported harm since December 2021. *See* Compl. (ECF No. 1); *InVue Security Products, Inc. v.*

*Vanguard Products Group, Inc.*, 2019 WL 4671143, *6 (M.D. Fla. July 1, 2019) (finding delay of 18 months after first notifying Defendant of the patents at issue and seven months after filing this case to file its motion for preliminary injunction severely undermined a finding of irreparable harm). Indeed, the Plaintiffs assert that the iPad at issue was allegedly last compromised in December 2021. *See* Motion, p. 3. Plaintiffs cannot justify their long delay in bringing their Motion, which weighs heavily against a finding of irreparable harm.

The Eleventh Circuit has specified that "[a] showing of irreparable injury is the sine qua non of injunctive relief." Siegel, 234 F. 3d at 1176 (citations omitted). Consequently, even if the Plaintiffs establishes a substantial likelihood of success on the merits of its claims, the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief inappropriate. *Id*. *See also Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 486 (11th Cir.1990) (affirming denial of preliminary injunction even though plaintiff established likelihood of prevailing because plaintiff failed to meet burden of proving irreparable injury). As the Eleventh Circuit explained, an [i]rreparable injury must be neither remote nor speculative, but actual and imminent. Moreover, if an injury can be "undone through monetary remedies," it is not irreparable. *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990). The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 F. App'x 502, 504 (11th Cir. 2007) (*citing Siegel*, 234 F.3d at 1176). It is well-settled that "where money damages are available and adequate, even money damages that

may be difficult if not impossible to collect, injunctive relief is inappropriate." *GLL Air, LLC v. Mid-South Servs., Inc.,* No. 14-cv-1698, 2014 WL 12623246, at *4 (M.D. Fla. Oct. 10, 2014) (*citing SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 F. App'x 502, 503–04 (11th Cir. 2007) ("It is well-settled that 'equitable relief is available only in the absence of an adequate remedy at law.' The critical question is whether there exists an adequate remedy at law, not whether the moving party prefers one remedy to another."); *see also Rosen v. Cascade Int'l Inc.*, 21 F.3d 1520, 1531 (11th Cir. 1994) (holding "a district court lacks the authority to issue a preliminary injunction freezing the assets of a defendant in a case seeking only money damages"). As discussed above, Klein has not demonstrated that there is no adequate remedy at law because his alleged harms can be cured through an award of monetary damages. Therefore, Klein cannot satisfy his burden of persuasion to demonstrate that he faces a substantial threat of irreparable injury, and a preliminary injunction is not an available remedy in this case. Plaintiffs claim "damage to their client relationships and loss of goodwill has caused irreparable harm and that they continue to face the risk of loss of goodwill unless Defendants are enjoined. In their Interrogatory Answers, Plaintiffs state they have incurred "significant and incalculable" financial damages. Financial damage alone, however, is insufficient to warrant injunctive relief. *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 909 F.2d 480, 487 (11th Cir.1990) (*quoting Sampson v. Murray*, 415 U.S. 61, 90, 94 S. Ct. 937, 39 L.Ed.2d 166 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough [to constitute irreparable injury].")).

      Lastly, and importantly, a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past. If, as Klein alleges, Oved hacked into Klein's iPad accounts, then the harm has already been done and has not reoccurred for a year or more. Without

a threat of future injury or some other disruption to the status quo, the Court is at a loss to discern the value of a preliminary injunction.

## C. THE HARM TO THE DEFENDANTS OUTWEIGHS POTENTIAL INJURY TO THE PLAINTIFFS.

The third element of the preliminary injunction test "requires that the movant prove that the threatened injury outweighs the harm the preliminary injunction would cause the other litigant." *City of S. Miami v. DeSantis*, 408 F. Supp. 3d 1266, 1307 (S.D. Fla. 2019) (Bloom, J.). Thus, the Court must "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* (*quoting Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). Contrary to Klein's arguments, a preliminary injunction will cause great harm to Defendants. At the most basic level, an injunction will cause significant reputational, business, and financial harm to the Defendants that Klein will likely raise to clients as "proof" that Defendants have done something wrong.

## D. THE PUBLIC INTEREST IS NOT SERVED BY ENTERING A PRELIMINARY INJUNCTION

There is no imminent threat of harm, no danger of illegal activity, and no harmful act facing the community. In short, there is no need for an injunction presently before the Court. The Defendants have been required to dedicate numerous hours to respond to the very serious accusations set forth within the Motion, which was originally cast as an "Expedited" Motion. The Motion is, however, devoid of any merit and there is no basis to grant the relief sought by Plaintiffs. It was brought as a bargaining tool in light of the then looming trial in Miami-Dade County. Oved has not had any contact with Klein since December 2019. The two live in different states (California and Florida) and Klein's phone and contact information is blocked on all Oved's devices. Oved does not have possession of the iPad and has no means to access any of Klein's

accounts. There is no imminent threat of any harm. Public interest dictates that the Motion be denied.

### IV.    THE BOND REQUESTED BY THE PLAINTIFFS IS INADEQUATE

Finally, "the Court may issue a preliminary injunction 'only if the movant' gives security in an amount that the Court considers proper to pay the costs and damages sustained by any party found to have been wrongly enjoined." *Winmark Corp. v. Brenoby Sports*, 32 F. Supp.3d 1206, 1225 (S.D. Fla. 2014). Plaintiffs seek this Court to set the bond should an injunction be granted, which it should not, at $100.00. *See* Mot. p. 20. However, the Plaintiffs are seeking over $20 million dollars in this case from the Defendants. "When setting the amount of security, district courts should err on the high side." *Mead Johnson & Co. v. Abbott Labs*., 201 F.3d 883, 888 (7th Cir. 2000). To be sure, such a low bond is insufficient given the amount in controversy and stakes in this case. Accordingly, should this Court be inclined to grant Plaintiffs' Motion and set a bond, this Court should consider the impact on the Defendants.

### V.    CONCLUSION

In light of the foregoing, Defendants respectfully request this Court deny the Motion for a Preliminary Injunction.

**REQUEST FOR ORAL ARGUMENT
PURSUANT TO LOCAL RULE 7.1(b)(2)**

The undersigned respectfully requests oral argument on this Motion. The undersigned believes that oral argument will assist the Court's understanding of the issues raised in this Motion.

Dated: December 9, 2022

                                                                 Respectfully submitted,

                                                                 */s/ Maura Krause*
                                                                 Maura F. Krause, Esquire
                                                                 Florida Bar No. 19082

        GOLDBERG SEGALLA, LLP
        Physical address:
        500 S. Australian Ave, Suite 1000
        West Palm Beach, FL 33401
        Mailing address:
        P.O. Box 787
        Buffalo, NY 14201
        (561) 618-4450 Office
        (561) 618-4549 Fax
        mkrause@goldbergsegalla.com
        pborges@goldbergsegalla.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I filed the foregoing on this 9th day of December 2022, which will send a notice of electronic filing to all counsel of record.

        */s/ Maura Krause*
        Maura F. Krause, Esquire

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:22-cv-80160-KAM

MATTHEW KLEIN, and THE
HEALTH SPECTRUM, LLC

      Plaintiffs,

v.

DIAN OVED, and OVED MEDIA
INTERNATIONAL INC. d/b/a EMPOWER
DIGITAL

      Defendants.
_____/

## VERIFICATION TO RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

1. I am over 18 years of age

2. I have reviewed the factual statements contained within the Response in Opposition to the Plaintiffs' Motion for a Preliminary Injunction and they are true and correct to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 9, 2022.

_____
DIAN OVED